## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| NUCOR CORPORATION,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>         Defendant,<br><br>    and<br><br>POSCO,<br><br>         Defendant-Intervenor. | **PUBLIC DOCUMENT**<br><br>Court No. 21-00182 |

### POSCO'S COMMENTS IN SUPPORT OF
### COMMERCE'S THIRD REMAND REDETERMINATION

Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed

**MORRIS, MANNING & MARTIN, LLP**
1333 New Hampshire Ave, N.W.,
Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to POSCO*

October 30, 2024

## **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | ARGUMENT | 2 |
| II. | CONCLUSION | 4 |
| III. | Certificate of Compliance. | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Nucor Corporation v. United States*,
    698 F. Supp.3d 1310 (Ct. Int'l Trade 2024) ..............................................................................2

**Other Authorities**

*Certain Carbon and Alloy Steel Cut-to-Length Plate from the Republic of Korea:
    Final Results and Partial Rescission of Countervailing Duty Administrative
    Review; 2018*, 86 Fed. Reg. 15,184 (Dep't Commerce Mar. 22, 2021) .....................................1

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| NUCOR CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant,<br><br> and<br><br>POSCO,<br><br>   Defendant-Intervenor. | **PUBLIC DOCUMENT**<br><br>Court No. 21-00182 |

## POSCO'S COMMENTS IN SUPPORT OF
## COMMERCE'S THIRD REMAND REDETERMINATION

On behalf of Defendant-Intervenor POSCO and pursuant to Rule 56.2(h)(3), we hereby comment on the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Third Court Remand, *Nucor Corporation v. United States*, Ct. No. 21-00182 (Ct. Int'l Trade 2023), ECF No. 112, PRR 4 ("*Third Redetermination*").[1] The administrative determination at issue is *Certain Carbon and Alloy Steel Cut-to-Length Plate from the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 15,184 (Dep't Commerce Mar. 22, 2021) ("*Final Results*"), ECF No. 18-4, PR 192, and accompanying Issues and Decision Memorandum ("Final

---

[1] Citations to the administrative record shall be to the public or confidential record document number ("PR" or "CR") followed by the page or exhibit number. Citations to the remand administrative record shall be to the public or confidential remand record document number ("PRR" or "CRR") followed by the page or exhibit number.

Results IDM"), ECF No. 18-5, PR 187.  The *Third Redetermination* is supported by substantial evidence and is otherwise in accordance with law and should be affirmed.

## I. ARGUMENT

In the Third Remand Order, this Court remanded again because it found that Commerce had not adequately addressed "evidence concerning differences between KEPCO's off-peak prices and KEPCO's cost of acquiring electricity from the lowest cost generator, Korea Hydro and Nuclear Power Company Ltd. (KHNP), or explain why such information constituted insufficient evidence of a benefit . . . pursuant to the low standard of *RZBC Group*." *Nucor Corporation v. United States*, 698 F. Supp.3d 1310, 1314 (Ct. Int'l Trade 2024) ("Third Remand Order").  In response, Commerce further clarified that Nucor's allegation regarding off-peak electricity was made "within the context of Commerce's decision that KEPCO's aggregated-cost methodology for setting it tariff schedule is consistent with market principles."  *Third Redetermination* at 20.  That established methodology had been affirmed by the Federal Circuit and was known to Nucor at the time it made its new subsidy allegation.  *See id.* at 19.  "Therefore, even if, *arguendo*, Nucor had supported its contention that off-peak prices charged by KEPCO did not fully cover all of its cost of supply during off-peak hours, the allegation would have *still* failed given that the allegation ignored the electricity system in which those prices exist (i.e., a TOU system)."  *Id.* at 20.  This TOU system and aggregated cost methodology was known to Nucor and its allegation failed to establish that Commerce needed to consider the off-peak allegation in isolation.  *See id.*

Additionally, Commerce clarified that "Nucor first argued that the use of KHNP's and other power trading statistics, rather than the SMP, could approximate representative prices of GENCO's received as a result of the KPX electricity pricing formula, in its Request for

Reconsideration," which was "after Commerce declined to initiate on the allegation" that had been based on the SMP.  *See Third Redetermination* at 25.  Commerce thus explained that it "has no legal obligation to consider, or reconsider, realleged NSAs that were rejected as insufficient during the same administrative review." *Id.*  In this way, Commerce followed the Court's directive to "address evidence concerning differences between KEPCO's off-peak prices and KEPCO's cost of acquiring electricity from the lowest cost generator, Korea Hydro and Nuclear Power Company Ltd. (KHNP), or explain why such information constituted insufficient evidence of a benefit . . . pursuant to the low standard of *RZBC Group*."  Third Remand Order, 698 F. Supp. 3d at 1314.

The *Third Redetermination* thus fully complies with the Court's Third Remand Order and should be affirmed.

## II. <u>CONCLUSION</u>

For the foregoing reasons, Defendant-Intervenor respectfully requests that this Court affirm the *Third Redetermination* and for such other relief that the Court deems just and proper.

    Respectfully submitted,

    /s/ Brady W. Mills
    Brady W. Mills
    Donald B. Cameron
    Julie C. Mendoza
    R. Will Planert
    Mary S. Hodgins
    Eugene Degnan
    Jordan L. Fleischer
    Nicholas C. Duffey
    Ryan R. Migeed

    **MORRIS, MANNING & MARTIN, LLP**
    1333 New Hampshire Ave, N.W., Suite 800
    Washington, D.C. 20036
    (202) 216-4116

    *Counsel to POSCO*

### III. Certificate of Compliance.

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 569 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Brady W. Mills
Brady W. Mills
